IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | CRIMINAL NO. 14-922 JB |
| | ) | |
| vs. | ) | |
| | ) | |
| **JASONN GONZALES**, | ) | |
| | ) | |
| Defendant. | ) | |

**NOTICE OF THE UNITED STATES' AGREEMENT WITH THE U.S. PROBATION OFFICE'S SENTENCING GUIDELINE CALCULATION**

The United States informs this Court that it agrees with the United States Probation

Office that the appropriate guideline range for Defendant Jasonn Gonzales is 108 to 135 months

of imprisonment, to be followed by a consecutive term of imprisonment of two years for the

following reasons:

1.  The United States Probation Office correctly calculated the applicable guideline range

in its Addendum to the Presentencing Report (PSR) submitted on November 25, 2014.

Consequently, the United States has filed no objections to the PSR.

2.  As documented in paragraph 53 of the PSR, all of the evidence – computer records of

the fictitious companies, stolen identities, keys to the Post Office boxes, charts of the P.O. boxes,

lists of the debit cards on which Unemployment Insurance (UI) benefits were loaded – was in the

possession of Defendant Gonzales.  Many of the stolen identities were from J & P Plumbing,

where the defendant worked and had access to personnel files.  Defendant Gonzales planned and

paid for the travel for himself and his co-conspirators to effectuate the fraud.  The scheme, which

lasted more than two years, was <u>initiated and orchestrated</u> by Defendant Gonzales. It appears that Defendant Gonzales also received the bulk of the proceeds from this UI mail fraud.

3. Co-Defendant Gerald Archuleta's involvement in this criminal episode was far less than that of Defendant Gonzales'. Accordingly, Co-Defendant Archuleta was permitted to enter a Rule 11(c)(1)(C) plea to 87 to 108 months. (Doc. 58). Clearly, Defendant Gonzales' sentence should be substantially greater to accurately reflect his criminality.

4. In considering the seriousness of the offense, the United States wishes to emphasize that the UI program is designed to help those who have lost their jobs through no fault of their own. Frauds of this magnitude threaten the program's ability to fulfill this mission. In contrast to those that must rely on UI benefits, the defendant is fully capable of earning a legitimate livelihood. Indeed, the defendant is college educated as an accountant. As the PSR reveals, Defendant Gonzales was employed as an accountant and bookkeeper at two different companies from 2002 through 2006, but chose to walk away from these positions. The defendant's personal history, which includes a serious criminal history, and his characteristics weigh heavily against a lenient sentence.

5. Defendant Gonzales should be sentenced to the guideline range calculated by the United States Probation Office, plus the consecutive two-year term required for Count 6, to reflect the seriousness of the offense and the defendant's overwhelming involvement in the conspiracy.

6. Furthermore, the United States agrees with the United States Probation Office that neither the factors under 18 U.S.C. § 3553 nor the downward departure provisions of U.S.S.G. Chapter 5 justifies a lesser sentence.

7. The United States will not oppose voluntary surrender.

For these reasons, the United States respectfully requests that the Court sentence

Defendant Jasonn Gonzales in accordance with the United States Probation Office's sentencing

guideline calculations.

Respectfully submitted,

DAMON P. MARTINEZ
United States Attorney

/s/ *Electronically Filed 12/4/2014*
TARA C. NEDA
Assistant United States Attorney

I HEREBY CERTIFY that I filed the foregoing
pleading electronically through the CM/ECF
system, which caused the opposing counsel of
record to be served by electronic means, as
reflected on the Notice of Electronic Filing, and
other methods of service as indicated therein on
December 4, 2014.

s\*Electronically Filed*
Tara C. Neda
Assistant United States Attorney