# UNITED STATES DISTRICT COURT, DISTRICT OF NEW MEXICO
## SENTENCING MINUTE SHEET

| | | | |
|---|---|---|---|
| CR No. | 14-922-001 | USA v. | **Gonzales** |
| Date: | 12/4/14 | Name of Deft: | **Jasonn Gonzales** |
| Before the Honorable | | **James O. Browning** | |
| Time In/Out: | **2:02 p.m./3:57 p.m.** | Total Time in Court: | **1:55** |
| Clerk: | **K'Aun Wild** | Court Reporter: | **Jennifer Bean** |
| AUSA: | **Tara Neda** | Defendant's Counsel: | **Brian Pori (Appointed)** |
| Sentencing in: | **ABQ** | Interpreter: | **N/A** |
| Probation Officer: | **Melissa Corella/Anita Nevarez** | Sworn? | Yes / No |

| Convicted on: | X Plea | Verdict | As to: | Information | X Indictment |
|---|---|---|---|---|---|
| Plea: | Accepted | Not Accepted | Adjudged/Found Guilty on Counts: | **Counts 1 through 6** | |
| Plea Agreement: | Accepted | Not Accepted | No Plea Agreement | Comments: | |
| Date of Plea/Verdict: | **August 18, 2014** | | PSR: | Not Disputed | X Disputed |
| PSR: X | Court Reviewed PSR Factual Findings and USSG Calculations and Adopts as Its Own | | Evidentiary Hearing: | X Not Needed | Needed |
| Exceptions to PSR: | **None** | | | | |

| SENTENCE IMPOSED | Imprisonment (BOP): 111 months (a term of 87 months is imposed as to each Counts 1 through 5; said terms shall run concurrently. A term of 24 months is imposed as to Count 6. Said terms shall run consecutively for a total term of 111 months). |
|---|---|
| Supervised Release: 3 years (A term of 3 years is imposed as to Counts 1 through 5. A term of 1 year is imposed as to Count 6. Said terms shall run concurrently for a total term of 3 years). | Probation: | X 500-Hour Drug Program |

### SPECIAL CONDITIONS OF SUPERVISION

| | | | |
|---|---|---|---|
| | No re-entry without legal authorization | | Home confinement for _____ months _____ days |
| | Comply with ICE laws and regulations | | Community service for _____ months _____ days |
| | ICE to begin removal immediately or during sentence | | Reside halfway house _____ months _____ days |
| X | Participate in outpatient substance abuse program | | Register as sex offender |
| | Participate in outpatient mental health program | | Participate in sex offender treatment program |
| | No alcohol or other forms of intoxicants | | Possess no sexual material |
| X | Submit to search of person/property | | No computer with access to online services |
| X | No contact with victim(s) and/or _co-Deft(s)_ | | No contact with children under 18 years |
| | No entering, or loitering near, victim's | | No volunteering where children supervised |
| X | Provide financial information | | Restricted from occupation with access to |
| | Grant limited waiver of confidentiality | | No loitering within 100 feet of school yards |

| X | OTHER: |
|---|---|
| | --The Defendant must refrain from gambling, participate in a program for the treatment of gambling addiction and provide verification of participation. |
| | --The Defendant must consent to the United States Probation Office conducting periodic unannounced examinations of the Defendant's computer(s), hardware, and software which may include retrieval and copying of all data from the Defendant's computer(s). This also includes the removal of such equipment, if necessary, for the purpose of conducting a more thorough inspection. |
| | --The Defendant must consent, at the direction of the United States Probation Officer, to having installed on the Defendant's computer(s), any hardware or software systems to monitor the Defendant's computer use. The Defendant understands that the software may record any and all activity on the Defendant's computer, including the capture of keystrokes, application information, Internet use history, e-mail correspondence, and chat conversations. Monitoring will occur on a random and/or regular basis. The Defendant must warn others of the existence of the monitoring software placed on the Defendant's computer. |
| | --The Defendant is prohibited from incurring new credit charges, opening additional lines of credit, or negotiating or consummating any financial contracts without prior approval of the probation officer. |
| | --The Defendant is restricted from engaging in an occupation where the Defendant has access to the personal identifying information of others without prior approval of the probation officer. |

| Fine: $ | 0.00 | Restitution: $ | $804,735.73 (Pursuant to the Mandatory Victim Restitution Act, it is further ordered that the Defendant will make restitution to the Texas Workforce Commission in the amount of $68,699.73; the Colorado Department of Labor in the amount of $488,107.00; and the New Mexico Department of Workforce Solutions in the amount of $247,929.00, for a total amount of $804,735.73. Restitution shall be submitted to the Clerk of the Court, Attention Intake, 333 Lomas Blvd., N.W. Suite 270, Albuquerque, New Mexico 87102, to then be forwarded to the victim(s). The restitution will be paid in monthly installments of not less than $150.00 ($50.00 per victim) or 20% of the Defendant's gross monthly household income, whichever is greater. Restitution payments are to be mailed to the Colorado Department of Labor and Employment, Investigations and Criminal Enforcement, 633-17th Street, Suite #900, Denver, CO 80202; the New Mexico Department of Workforce Solutions, Fraud Collections, P.O. Box 2281, Albuquerque, NM 87103; and Texas Workforce Commission, Revenue & Trust Management, |

| | | | | | P.O. Box 149352, Austin, TX 78714-9352. | | |
|---|---|---|---|---|---|---|---|
| SPA: | $ | 600.00 | | Payment Schedule: | X | Due Immediately | Waived |

| OTHER: | |
|---|---|

| X | Advised of Right to Appeal | | Waived Appeal Rights per Plea Agreement |
|---|---|---|---|
| | Held in Custody | X | Voluntary Surrender (to designated facility) |
| X | Recommended place(s) of incarceration: | | **The Court recommends FCI Englewood, CO, if eligible.** |
| | Dismissed Counts: | | |

| OTHER COMMENTS | Heather Dotson, case agent, present w/AUSA. |
|---|---|
| | **OBJECTION TO PARA. 68:** |
| | Defense counsel argues in support of objection. 2:08 p.m. AUSA argues in response in opposition to same. 2:10 p.m. Defense counsel argues further in support of same. 2:10 p.m. Court inclined to overrule objection, but informs will consider argument in context of request for variance. |
| | **OBJECTION TO PARA. 69:** |
| | 2:12 p.m. Defense counsel argues in support of objection. 2:15 p.m. AUSA argues in response in opposition to same. 2:21 p.m. Defense counsel argues further in support of same. 2:29 p.m. Court inclined to overrule objection. |
| | **OBJECTION TO PARA. 70:** |
| | 2:29 p.m. Defense counsel argues in support of objection. 2:33 p.m. AUSA argues in response in opposition to same. 2:38 p.m. Defense counsel argues further in support of same. 2:29 p.m. Court inclined to overrule objection. |
| | Defense counsel tenders 2 additional letters in support of Defendant and requests Court take judicial notice of J&C of Manny Aragon – tenders same. Court instructs CRD to attach letters hereto as Ex. A and J&C hereto as Ex. B. |
| | **ARGUMENT RE: DOWNWARD DEPARTURE PURSUANT TO 5H1.3 & 5H1.4:** |
| | 2:48 p.m. Defense counsel argues in support of requests for downward departure. 2:52 p.m. ASUA argues in response in opposition to same. 2:54 p.m. Court denies. |
| | **THIRD LEVEL REDUCTION BASED ON ACCEPTANCE:** |
| | Upon Court's inquiry, AUSA orally moves for same and represents will submit written motion and proposed form of order re: same at later time; Court grants. |
| | **REQUEST FOR VARIANCE:** |
| | 2:58 p.m. Defense counsel argues in support of same. 3:08 p.m. Defendant allocutes. 3:13 p.m. AUSA argues in opposition to variance. |
| | Court varies downward. |
| | Defense counsel objects to sex offender special condition; AUSA defers to USPO re: same; USPO addresses Court re: same; Court will not impose said condition. Defense counsel requests recommendation to Englewood, CO and for self-surrender to designated institution. USPO informs Englewood is appropriate facility; Court recommends same. AUSA does not oppose self-surrender to designated facility; Court finds Defendants is neither a flight risk nor a danger to the community and will allow self-surrender to designated facility – pre-trial conditions remain in effect. |

Subject: Character Reference for Jasonn Gonzales
From: tallgirl819
To: "brian_pori@fd.org"
Date: 12/04/2014 11:22 AM

4th December 2014
To the Presiding Judge,
New Mexico Court

Re: Character Reference for Jasonn Gonzales

Your Honor,

Jasonn has asked me to write a character reference for his case regarding mail fraud and identity theft arising from the defrauding of the federal and state unemployment insurance system. I have been friends with Jasonn for over a year and have come to know a man of integrity, warmth and compassion. Jasonn is also a devoted father. We speak daily and I know him well.

I've seen Jasson go through enormous lengths to to be honest and trustworthy by helping our friends numerous times. He has given time and energy to assist others often sacrificing his own needs to help our friends. This is the compassionate man I have come to know.

He currently lives his life for the love and support of his daughter, Jordynn. He has shown to me, to be a very devoted father. Every time Jasonn speaks of his daughter you can't but help notice the pride and love he has for his little girl. How many fathers take a seven year old girl out for a manicure and pedicure? Jasonn does. How many fathers sit with their child every night (shared custody currently) and scratches their back until they fall asleep? Jasonn does. His first priority is and always will be his daughter.

Jasonn has spoken to me about how remorseful he is to the crimes he has committed. He knows he must be held accountable for the consequences of his actions. Jasonn pled guilty to his charges and accepted responsibility for doing things he should not have done and in so doing I have even more respect for him and his true character. However, Jasonn wishes he could be around friends and family and continue to raise his daughter.

Thank you for taking the time to read this letter.

Sincerely,
Tina Martin
Retail Management Age 45
902 E Brockton Ave
Redlands, Ca 92374
909/213-3343




To Whom it may concern,

We would like to add an update to our previous letter written to the court.

We are the parents of Jasonn Gonzales, Roger and Pamela Inman. We would like you to know a little of Jasonn from our experience.

We want to thank the court for granting us to be Third Party Custodian for Jasonn Gonzales. It was clear what the responsibilities were and still are. Jasonn has followed rules and met all agreed instructions required of him.

Jasonn has been helpful in running our business and helping in all the areas where he is needed. He continues to be a good and loyal father to his daughter. He has been dependable and reliable.

What has changed is the awareness of the addictions Jasonn suffers from. This was not known to us previously. We are not professionals in this area so it is not known to us what degree and role this played in his decision making when committing the crimes he is charged with. What we have seen and witnessed is the level of remorse and regret he is feeling when realizing the degree of pain and suffering his choices have caused himself and his family. Jasonn is a good person, who has made some really wrong choices. We wish whole heartedly that there will be programs available to him where he can work on his severe addition to gambling, food addiction, and drug abuse that he has participated in. It is our belief with much help and acceptance and his hard work Jasonn can be a wonderful contribution to society. He is well liked, and is very smart. He has a generous heart to a fault.

We appreciate the court taking time to read and hear our thoughts regarding our son Jasonn Ze George Gonzales.

Jasonn in very loved, and has many people who believe in him and his abilities. We wish for him to find a successful life.


Pamela Elizabeth Inman
Roger Wayne Inman

Parents of Jasonn Ze George Gonzales


12/4/14

# UNITED STATES DISTRICT COURT
### District of New Mexico

| | |
|---|---|
| UNITED STATES OF AMERICA<br>V.<br>**Manny Aragon** | **Judgment in a Criminal Case**<br><br>(For Offenses Committed On or After November 1, 1987)<br>Case Number: **1:07CR00615-003WJ**<br>USM Number: **40086-051**<br>Defense Attorney: **Ray Twohig, Timothy M. Padilla and J. Miles Hanisee** |

**THE DEFENDANT:**

☒ pleaded guilty to count(s) **SSSS1, SSSS6, and SSSS10 of Indictment**
☐ pleaded nolo contendere to count(s)
☐ after a plea of not guilty was found guilty on count(s)

The defendant is adjudicated guilty of these offenses:

| Title and Section | Nature of Offense | Offense Ended | Count Number(s) |
|---|---|---|---|
| 18 U.S.C. Sec. 371 | Conspiracy | 1999 through January, 2006 | SSSS1 |
| 18 U.S.C. Sec. 1341 | Frauds and Swindles (Mail Fraud), 18 U.S.C. Sec. 1346 | 1999 through 2006 | SSSS6 and SSSS10 |

The defendant is sentenced as specified in pages 2 through **5** of this judgment. The sentence is imposed under the Sentencing Reform Act of 1984. The Court has considered the United States Sentencing Guidelines and, in arriving at the sentence for this Defendant, has taken account of the Guidelines and their sentencing goals. Specifically, the Court has considered the sentencing range determined by application of the Guidelines and believes that the sentence imposed fully reflects both the Guidelines and each of the factors embodied in 18 U.S.C. § 3553(a). The Court also believes the sentence is reasonable, provides just punishment for the offense and satisfies the need to impose a sentence that is sufficient, but not greater than necessary to satisfy the statutory goals of sentencing.

☐ The defendant has been found not guilty on count .
☒ Count **2, 3, 4, 5, 7, 8, 9, 24, 25, 26, 27 and 28** are dismissed on the motion of the United States.

IT IS FURTHER ORDERED that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.

| | |
|---|---|
| **Bernalillo** | **3/17/2009** |
| County of Residence | Date of Imposition of Judgment |
| | |
| | **/s/ William P. Johnson** |
| | Signature of Judge |
| | |
| | **Honorable William P. Johnson**<br>**United States District Judge** |
| | Name and Title of Judge |
| | |
| | **4/29/2009** |
| | Date Signed |

EXHIBIT

Defendant: **Manny Aragon**
Case Number: **1:07CR00615-003WJ**

## IMPRISONMENT

The defendant is committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of **67 months**.

**A term of 60 months is imposed as to Count SSSS1. A term of 67 months is imposed as to each of Counts SSSS6 and SSSS10; said terms shall run concurrently for a total term of 67 months.**

☒  The court makes these recommendations to the Bureau of Prisons:

   **The Court recommends the least restrictive setting at FCI Florence, CO**
   **The Court recommends the defendant participate in the Bureau of Prisons 500 hour drug and alcohol treatment program.**

☐  The defendant is remanded to the custody of the United States Marshal.
☐  The defendant must surrender to the United States Marshal for this district:
   ☐  at    on
   ☐  as notified by the United States Marshal.
☒  The defendant must surrender for service of sentence at the institution designated by the Bureau of Prisons:
   ☐  before 2 p.m. on
   ☒  as notified by the United States Marshal
   ☐  as notified by the Probation or Pretrial Service Office.

## RETURN

I have executed this judgment by:


Defendant delivered on _____ to
_____ at _____ with a Certified copy of this judgment.

_____
UNITED STATES MARSHAL

_____
Deputy United States Marshal

Defendant: **Manny Aragon**
Case Number: **1:07CR00615-003WJ**

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of **3 years**.

**A term of 3 years is imposed as to each of Counts SSSS1, SSSS6, and SSSS10; said terms shall run concurrently.**
The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons. The defendant shall not commit another federal, state, or local crime. The defendant shall not illegally possess a controlled substance.

*For offenses committed on or after September 13, 1994:*

The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as directed by the probation officer.

- [ ] The above drug testing condition is suspended based on the courts determination that the defendant possesses a low risk of future substance abuse. (Check, if applicable.)
- [x] The defendant shall not possess a firearm, ammunition, destructive device, or any dangerous weapon. (Check, if applicable).
- [x] The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check, if applicable).
- [ ] The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer. (Check, if applicable)
- [ ] The defendant shall participate in an approved program for domestic violence. (Check, if applicable)

If this judgment imposes a fine or a restitution obligation, it shall be a condition of probation that the defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervised release in accordance with the Schedule of Payments set forth in the Criminal Monetary Penalties sheet of this judgment.
The defendant shall comply with the standard conditions that have been adopted by this court (set forth below). The defendant shall also comply with the additional conditions on the attached page (if indicated below).

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall obtain and maintain full time, legitimate employment, or attend a vocational or academic training program throughout the term of supervised release as directed by the probation officer;
6) the defendant shall notify the probation officer ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement;

Defendant: **Manny Aragon**
Case Number: **1:07CR00615-003WJ**

## SPECIAL CONDITIONS OF SUPERVISION

The defendant must participate in and successfully complete a substance abuse treatment program which may include drug testing, outpatient counseling, or residential placement. The defendant may be required to pay a portion of the cost of treatment and/or drug testing as determined by the Probation Office.

The defendant must refrain from the use and possession of alcohol and other forms of intoxicants. He must not frequent places where alcohol is the primary item for sale.

The defendant must provide the probation officer access to any requested financial information, personal income tax returns, authorization for release of credit information, and other business financial information in which the defendant has a control or interest.

The defendant shall have no contact with the co-conspirators in this case with the exception of co-defendant Michael Murphy.

The defendant shall not obtain or maintain employment where he has any fiduciary responsibilities without the prior approval of the probation office.

The defendant shall not engage in the practice of law during his period of supervised release unless reinstated by the State Bar and approved by the probation office.

Defendant: **Manny Aragon**
Case Number: **1:07CR00615-003WJ**

## CRIMINAL MONETARY PENALTIES

The defendant shall pay the following total criminal monetary penalties in accordance with the schedule of payments.
☐     The Court hereby remits the defendant's Special Penalty Assessment; the fee is waived and no payment is required.

| Totals: | Assessment | Fine | Restitution |
|---|---|---|---|
| | $300. | $87,316.41 | $1,190,642.32 |

## SCHEDULE OF PAYMENTS

Payments shall be applied in the following order (1) assessment; (2) restitution; (3) fine principal; (4) cost of prosecution; (5) interest; (6) penalties.
Payment of the total fine and other criminal monetary penalties shall be due as follows:
The defendant will receive credit for all payments previously made toward any criminal monetary penalties imposed.
A     ☐   In full immediately; or
B     ☒   $ 300. immediately, balance due (see special instructions regarding payment of criminal monetary penalties).

**Special instructions regarding the payment of criminal monetary penalties: Criminal monetary penalties are to be made payable by cashier's check, bank or postal money order to the U.S. District Court Clerk, 333 Lomas Blvd. NW, Albuquerque, New Mexico 87102 unless otherwise noted by the court. Payments must include defendant's name, current address, case number and type of payment.**

**Pursuant to the Mandatory Restitution Act, it is further ordered that the Defendant shall make restitution to the State of New Mexico, c/o State Treasurer's Office in the total amount of $1,190,642.32, of which $649,272.32 shall be due within 60 days of the sentencing hearing held on March 17, 2009. The balance of $541.370 shall be paid jointly and severally with Toby Martinez and any other Defendant who is determined to be jointly and severally liable for this amount. Payment of restitution on the $541.370 amount shall be made in monthly installments of not less than $1,000 beginning 90 days from the sentencing hearing held on March 17, 2009. Interest shall begin to accrue 60 days after the date of entry of Judgment on the $541,370 amount. Restitution payments can be mailed to: New Mexico State Treasurer's Office, Attention: Victor Vigil, Bureau Chief, Cash Management Division, P.O. Box 608, Santa Fe, New Mexico 87504-0608.**

**The defendant will pay a fine of $87,316.41. The Court waives interest during Defendant's period of incarceration. Interest shall begin to accrue at the statutory rate on any unpaid portion at the time of Defendant's release from custody.**

Unless the court has expressly ordered otherwise in the special instructions above, if this judgment imposes a period of imprisonment, payment of criminal monetary penalties shall be due during the period of imprisonment. All criminal monetary penalty payments, except those payments made through the Bureau of Prisons' Inmate Financial Responsibility Program, are to be made as directed by the court, the probation officer, or the United States attorney.