IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF NEW MEXICO


UNITED STATES OF AMERICA,

    Plaintiff,

v.                              Criminal No. 14-922 JB

GERALD ARCHULETA,

    Defendant.


**DEFENDANT'S SENTENCING MEMORANDUM**

The Defendant, GERALD ARCHULETA, by and through his attorney, Todd Hotchkiss, hereby submits his sentencing memorandum.

**MR. ARCHULETA's BACKGROUND**

MR. ARCHULETA was born in Sacramento, California in 1971, and is 44 years old as of February 10. (PSR at 2; at 26, ¶98) His father, Gerald Benjamin Garduno, is of unknown age, and his mother, Victoria Mary Archuleta, is 59 years old. (PSR at 26, ¶98) MR. ARCHULETA never had a relationship with his father as he was "never involved" in MR. ARCHULETA's life. (PSR at 26, ¶98) When MR. ARCHULETA was 8 months old, his mother married Antonio Cardenas and MR. ARCHULETA considers Mr. Cardenas his father. (PSR at 26, ¶99) MR. ARCHULETA has 4 half-sisters, half of whom reside in New Mexico and half of whom live

1

in Sacramento, California. (PSR at 26, ¶99) When MR. ARCHULETA was 8 or 9 years old, Mr. Cardenas went to prison, and MR. ARCULETA's mother sent MR. ARCHULETA to Abiquiu, New Mexico to live with his grandparents. (PSR at 27, ¶99) MR. ARCHULETA's mother and Mr. Cardenas divorced in 1994. (PSR at 27, ¶99)

MR. ARCHULETA lived with his grandparents in Abiquiu, New Mexico until the age of 17 when his then girlfriend and he moved in together in Espanola, New Mexico. (PSR at 27, ¶100) In the next year, MR. ARCHULETA moved to Salt Lake City, Utah, where he was convicted of serious crimes and served 11 years in prison. (PSR at 27, ¶100) Upon release from prison, MR. ARCHULETA moved back to Abiquiu, lived with his mother until at the age of 32 he moved to Espanola for two years. (PSR at 27, ¶100) Subsequently, MR. ARCHULETA moved to his present address in Ojo Caliente, New Mexico with his girlfriend, Margie Vigil and eventually their son. (PSR at 27, ¶100)

MR. ARCHULETA and Ms. Vigil have a 10-year old son, Anthony Carlos Archuleta. (PSR at 27, ¶101) Ms. Vigil works as an office manager for the Los Alamos Department of Health. (PSR at 27, ¶101) MR. ARCHULETA has a daughter, Felicia Cherie Archuleta, age 23, from a prior relationship. (PSR at 27, ¶102) Felicia was 3 months old when MR. ARCHULETA went to prison in Utah, and "never established" a relationship with her. (PSR at 27, ¶102) His last contact with Felicia was in 2002. (PSR at 27, ¶102)

MR. ARCHULETA injured his back sciatica and takes prescription anti-inflammatory medication. (PSR at 28, ¶103) MR. ARCHULETA had surgery to repair a torn anterior cruciate ligament in 1999. (PSR at 28, ¶103) MR. ARCHULETA is in good mental and emotional health. (PST at 28, ¶105) He is required to register as a sex offender until December 31, 2021. (PSR at 28, ¶105)

MR. ARCHULETA indicated he began drinking alcohol at age 15, and continued drinking alcohol as an adult. (PSR at 28, ¶107) MR. ARCHULETA began smoking marijuana at age 13, smoked marijuana heavily in high school, and proceeded to cocaine use. (PSR at 28, ¶107) MR. ARCHULETA does not believe he has a substance abuse problem. (PSR at 28, ¶107) MR. ARCHULETA, connected to his Utah convictions, successfully completed residential substance abuse treatment from June of 2001-02. (PSR at 28, ¶108)

MR. ARCHULETA attended Espanola High School, dropped out due to alcohol use and living with his girlfriend, and later reported he received his General Equivalency Diploma (GED). Apparently records indicate he did not complete all academic requirements to obtain his GED. (PSR at 29, ¶109)

MR. ARCHULETA has a work or employment history as a sales or furniture manager in the last couple of years. (PSR at 29, ¶¶111-112)

Based on the defendant's financial condition, MR. ARCHULETA cannot afford to pay a fine. (PSR at 30, ¶115)

## SENTENCING ARGUMENT

### 3553 Factors and Analysis

This Court must consider the factors under 18 U.S.C. § 3553(a) to render a sentence for MR. ARCHULETA. Under 18 U.S.C. § 3553(a), this "court shall impose a **sentence sufficient, but not greater than necessary**, to comply with the purposes set forth in paragraph (2)". (Bold emphasis added) There are 7 factors this Court must consider "in determining the particular sentence".

>    (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
>    (2) the need for the sentence imposed –
>       (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>       (B) to afford adequate deterrence to criminal conduct;
>       (C) to protect the public from further crimes of the defendant; and
>       (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
>    (3) the kinds of sentences available;
>    (4) the kinds of sentence and the sentencing range established for –
>       (A) the applicable category of offense committed by the defendant as set forth in the guidelines –
>          (i) issued by the Sentencing Commission ...; and
>          (ii) that, except as provided in section 3742(g), are in effect on the date the defendant is sentenced;
>    (5) any pertinent policy statement –
>       (A) issued by the Sentencing Commission ...; and
>       (B) that, except as provided in section 3742(g), is in effect on the date the defendant is sentenced.
>    (6) the need to avoid unwarranted sentence disparity among defendants with similar records who have been found guilty of similar conduct; and
>    (7) the need to provide restitution to any victims of the offense.

The first 3553(a) factor is the "nature and circumstances of the offense[s]", which are known to the Court. On March 26, 2014, MR. ARCHULETA was indicted on the federal charges in this case. (PSR at 3, at 3, ¶1) On October 24, 2014, MR. ARCHULETA pleaded guilty to conspiracy to commit mail fraud and mail fraud in Counts 1-5 of the Indictment. (PSR at 3, ¶2) The parties stipulated under Fed. R. Crim. P. 11(c)(1)(C) to a sentence of 87-108 months in prison. (PSR at 3, ¶5) MR. ARCHULETA's codefendant, Jasonn Gonzales, pleaded guilty to the indictment without a plea agreement, and was sentenced to 87 months in prison on the same counts to which MR. ARCHULETA pleaded guilty, plus 24 more consecutive months for an additional identity theft count, for a total of 111 months in prison. Voluntary surrender at the designated Bureau of Prisons facility was allowed for Mr. Gonzales.

The United States has agreed that MR. ARCHULETA's involvement in the conspiracy "was far less" than Mr. Gonzales' involvement. (Doc.64 at 2) According to the United States,

> all of the evidence . . . was in the possession of Gonzales. Many of the stolen identities were from J & P Plumbing, where [Gonzales] worked and had access to personnel files. Defendant Gonzales planned and paid for the travel himself and his co-conspirators to effectuate the fraud. The scheme, which lasted more than two years, was <u>initiated and orchestrated</u> by Defendant Gonzales. It appears that Defendant Gonzales also received the bulk of the proceeds from this UI mail fraud.

5

(Doc.64 at 1-2)

"Clearly, Defendant Gonzales' sentence should be substantially greater to accurately reflect his criminality." (Doc.64 at 2) Yet, on the mutual counts of conviction, it appears that it will not be.

The other part of the first factor, the "history and characteristics of the defendant", is significant and highly relevant. MR. ARCHULETA resided in Sacramento, California, Abiquiu and Espanola, New Mexico, and Salt Lake City, Utah.

MR. ARCHULETA did not graduate from high school. MR. ARCHULETA has a work or employment history as a sales and furniture manager in recent years.

MR. ARCHULETA basically had no relationship with his birth father, and his stepfather was not a particularly strong male role model. MR. ARHCULETA also did not appear to have much of a relationship with his mother, being sent to live with his grandparents at age 8-9. Being without a father or mother appears to have been extremely significant for MR. ARCHULETA. Searching some love and affection, MR. ARCHULETA moved in with his girlfriend, and moved out and quit high school, moved to Utah, committed serious felony crimes and went to prison. After much turmoil in his personal life from the early years of his life, MR. ARCHULETA appears to have found stability and happiness with Ms. Vigil and their son.

MR. ARCHULETA has been released from custody pending trial and

sentencing, and "has remained compliant with all conditions of his release". (PSR at 1, at 3, ¶7)

The second 3553(a) factor is the "need for the sentence imposed", and there are four conjunctive sub-factors.

Regarding the "need ... to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense[s]", a number of considerations are present. MR. ARCHULETA has pleaded guilty to conspiracy to commit mail fraud and four counts of mail fraud. The statutory sentencing range for the crimes to which MR. ARCULETA pleaded guilty is 0-20 years. (PSR AT 31, ¶117)

The United States agreed MR. ARCHULETA's involvement in the conspiracy "was far less" than Mr. Gonzales' involvement, and "Clearly, Defendant Gonzales' sentence should be substantially greater to accurately reflect his criminality." (Doc.64 at 2) MR. ARCHULETA has been exemplary while released from custody pending trial and sentencing. MR. ARCHULETA has respect for the law. MR. ARCHULETA understands he must receive his just punishment for the offenses to which he pleaded guilty. Just punishment for MR. ARCHULETA is a sentence of no more than 87 months, which is the low end of the range the parties agreed under Fed. R. Crim. P. 11(c)(1)(C) and to which this Court sentenced codefendant Gonzales.

Regarding the "need ... to afford adequate deterrence to

criminal conduct", again a balancing of facts exists. The United States agreed MR. ARCHULETA's involvement in the conspiracy "was far less" than Mr. Gonzales' involvement, and "Clearly, Defendant Gonzales' sentence should be substantially greater to accurately reflect his criminality." (Doc.64 at 2)  MR. ARCHULETA has been exemplary while released from custody pending trial and sentencing. MR. ARCHULETA understands he will be sentenced to a term of imprisonment of 87-108 months, which will adequately deter him.

Regarding the "need ... to protect the public from further crimes of the defendant", the United States agreed MR. ARCHULETA's involvement in the conspiracy "was far less" than Mr. Gonzales' involvement, and "Clearly, Defendant Gonzales' sentence should be substantially greater to accurately reflect his criminality." (Doc.64 at 2)  While there is need to protect the public from further crimes of MR. ARCHULETA, he has also been exemplary while released from custody pending trial and sentencing, and he will also serve at least 87 months in prison, a large amount of time.  A sentence of 87 months meets the "need ... to protect the public from further crimes of the defendant".

Regarding the "need ... to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner", MR. ARCHULETA intends to seek educational and vocational training to improve his

employability once released from prison.

The third 3553(a) factor is "the kinds of sentences available". MR. ARCHULETA is eligible for probation under the charge and statutes but not under the Fed. R. Crim. P. 11(c)(1)(C) plea to 87-108 months in prison and $734,123.73 in restitution. (PSR at 32, ¶124; at 33, ¶132)  The statutory range for MR. ARCHULETA is 0-20 years. (PSR at 31, ¶117)  The presentence report (PSR) assessed a criminal history category of III, offense level of 32, and a sentencing range of 151-188 months, which becomes 87-108 months under the plea. (PSR at 31, ¶118)  MR. ARCHULETA faces a term of supervised release of not more than 3 years. (PSR at 31, ¶121)  The United States agreed MR. ARCHULETA's involvement in the conspiracy "was far less" than Mr. Gonzales' involvement, and  "Clearly, Defendant Gonzales' sentence should be substantially greater to accurately reflect his criminality." (Doc.64 at 2)

The fourth 3553(a) factor is "the kinds of sentence and the sentencing range established for (A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines (i) issued by the Sentencing Commission ...' and (ii) that, except as provided in section 3742(g), are in effect on the date the defendant is sentenced."  The PSR assessed a criminal history category of III, a total offense level of 32, and a sentencing range of 151-188 months, which becomes 87-108 months under the plea.

The fifth 3553(a) factor is "any pertinent policy statement (A) issued by the Sentencing Commission ...; (B) that, except as provided in section 3742(g), is in effect on the date the defendant is sentenced."  None appear relevant.

The sixth 3553(a) factor is "the need to avoid unwarranted sentence disparity among defendants with similar records who have been found guilty of similar conduct."  The United States agreed MR. ARCHULETA's involvement in the conspiracy "was far less" than Mr. Gonzales' involvement, and  "Clearly, Defendant Gonzales' sentence should be substantially greater to accurately reflect his criminality." (Doc.64 at 2)  A sentence for MR. ARCHULETA of 87 months, the same as Mr. Gonzales on the same mutual five counts, is disparate.  MR. ARCHULETA faces a statutory sentencing range of 0-20 years and a binding sentence of 87-108 months in prison under the plea agreement.  MR. ARCHULETA has a USSG criminal history category of III, while Mr. Gonzales was in category II.  MR. ARCHULETA has been exemplary while released from custody pending trial and sentencing.  A sentence of no more than 87 months will not be disparate.

Furthermore, according to the United States, MR. ARCHULETA should receive a substantially less sentence than Mr. Gonzales, his codefendant co-conspirator.

The seventh 3553(a) factor is "the need to provide restitution

to any victims of the offense." There is restitution involved in this case and the amount of restitution for MR. ARCHULETA was agreed to by the parties under Fed. R. Crim. P. 11(c)(1)(C) in the amount of $734,123.73. (PSR at 33, ¶132)

**CONCLUSION**

The factors and aspects in the USSG and 18 U.S.C. § 3553 support sentencing MR. ARCHULETA to a sentence of no more than 87 months in prison, which is the low end of the range the United States agreed to. 87 months is a sufficient and not greater than necessary sentence for him under the plea agreement. After considering the 7 factors under 18 U.S.C. § 3553(a), a sentence of no more than 87 months in prison, a term of supervised release of 3 years, a $100 special penalty assessment, $734,123.73 of restitution jointly and severally liable with codefendant Jasonn Gonzales, and no fine is a sufficient sentence, but not greater than necessary as it promotes respect for the law and provides just punishment, affords adequate deterrence to criminal conduct and protects the public from further crimes of the defendant, and reasonable under the circumstances of this case. MR. ARCHULETA also requests being able to voluntarily surrender at the designated Bureau of Prisons facility. MR. ARCHULETA requests this Court recommend to the Bureau of Prisons that he serve his time at FCI Englewood in Littleton, Colorado because it is proximate for his family and friends to visit from northern

New Mexico.

        Respectfully submitted,

        /s/ *Todd Hotchkiss*
        TODD HOTCHKISS
        TODD B. HOTCHKISS, ATTORNEY AT LAW, LLC
        Attorney for GERALD ARCHULETA
        610 Gold Avenue S.W., Suite 228
        Albuquerque, New Mexico 87102
        Tele. (505) 243-6776
        E-mail: Todd@toddhotchkisslaw.com

**CERTIFICATE OF SERVICE**

I, Todd Hotchkiss, hereby certify that on January 30, 2015 I electronically filed the foregoing document through the CM/ECF system and that through that system opposing counsel Tara Neda, Assistant United States Attorney, will be served with a true and accurate copy.

        /S/ *Todd Hotchkiss*
        TODD HOTCHKISS