IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF NEW MEXICO


UNITED STATES OF AMERICA,

      Plaintiff,

v.                    Criminal No. 14-922 JB

GERALD ARCHULETA,

      Defendant.


## DEFENDANT'S SUPPLEMENT TO SENTENCING MEMORANDUM (DOC.73)

The Defendant, GERALD ARCHULETA, by and through his attorney, Todd B. Hotchkiss, hereby submits this supplement to his previous Sentencing Memorandum (Doc.73) in light of the February 26, 2016 Amended Plea Agreement (Doc.97).

### MATERIAL ASPECTS OF AMENDED PLEA AGREEMENT (DOC.97)

As a result of the change in the United States Sentencing Guidelines (USSG) applicable to MR. ARCHULETA, as articulated in the Fourth Amendment to the Presentence Report (PSR), MR. ARCHULETA's previous total offense level of 32 in criminal history category III was reduced by 4 levels. Consequently, MR. ARCHULETA's USSG sentencing range was reduced from 151-188 months to 97-121 months in prison.

1

Thereafter, the parties agreed to amend the prior Plea Agreement (Doc.58), and changed the sentencing range agreed to by the parties under Fed. R. Crim. P. 11(c)(1)(C) and changed the amount of restitution owed jointly and severally by MR. ARCHULETA. The Amended Plea Agreement reduced the Fed. R. Crim. P. 11(c)(1)(C) sentencing range from 87-108 months to 57-71 months. (Doc.97 at 9) The Amended Plea Agreement reduced the amount of restitution owed by MR. ARCHULETA jointly and severally from $734,123.73 to $719,858.73. (Doc.97 at 10)

### MR. ARCHULETA's BACKGROUND

Nothing has changed in MR. ARCHULETA's background as presented in his original Sentencing Memorandum. (Doc.73 at 1-3)

### SENTENCING ARGUMENT

### 3553 Factors and Analysis

This Court must consider the factors under 18 U.S.C. § 3553(a) to render a sentence for MR. ARCHULETA. Under 18 U.S.C. § 3553(a), this "court shall impose a **sentence sufficient, but not greater than necessary**, to comply with the purposes set forth in paragraph (2)". (Bold emphasis added) There are 7 factors this Court must consider "in determining the particular sentence".

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
> (2) the need for the sentence imposed –
>     (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just

punishment for the offense;
    (B) to afford adequate deterrence to criminal conduct;
    (C) to protect the public from further crimes of the defendant; and
    (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
 (3) the kinds of sentences available;
 (4) the kinds of sentence and the sentencing range established for –
    (A) the applicable category of offense committed by the defendant as set forth in the guidelines –
      (i) issued by the Sentencing Commission ...; and
      (ii) that, except as provided in section 3742(g), are in effect on the date the defendant is sentenced;
 (5) any pertinent policy statement –
    (A) issued by the Sentencing Commission ...; and
    (B) that, except as provided in section 3742(g), is in effect on the date the defendant is sentenced.
 (6) the need to avoid unwarranted sentence disparity among defendants with similar records who have been found guilty of similar conduct; and
 (7) the need to provide restitution to any victims of the offense.

The first 3553(a) factor is the "nature and circumstances of the offense[s]", which are known to the Court.  On March 26, 2014, MR. ARCHULETA was indicted. (PSR at 3, at 3, ¶1)  On February 26, 2016, MR. ARCHULETA pleaded guilty in an Amended Plea Agreement to conspiracy to commit mail fraud and mail fraud in Counts 1-5 of the Indictment. (Doc.97)  The parties stipulated under Fed. R. Crim. P. 11(c)(1)(C) to a sentence of 57-71 months in prison. (Doc.97 at 9)  MR. ARCHULETA's codefendant, Jasonn Gonzales, pleaded guilty to the indictment without a plea agreement, and was sentenced to 87 months in prison on the same counts to which MR. ARCHULETA pleaded guilty,

plus 24 more consecutive months for an additional identity theft count, for a total of 111 months in prison.  Voluntary surrender at the designated Bureau of Prisons facility was allowed for Mr. Gonzales.

The United States has agreed that MR. ARCHULETA's involvement in the conspiracy "was far less" than Mr. Gonzales' involvement. (Doc.64 at 2)  According to the United States,

> all of the evidence . . . was in the possession of Gonzales. Many of the stolen identities were from J & P Plumbing, where [Gonzales] worked and had access to personnel files. Defendant Gonzales planned and paid for the travel himself and his co-conspirators to effectuate the fraud.  The scheme, which lasted more than two years, was <u>initiated and orchestrated</u> by Defendant Gonzales.  It appears that Defendant Gonzales also received the bulk of the proceeds from this UI mail fraud.

> (Doc.64 at 1-2)

"Clearly, Defendant Gonzales' sentence should be substantially greater to accurately reflect his criminality." (Doc.64 at 2)

The other part of the first factor, the "history and characteristics of the defendant", is significant and highly relevant.  MR. ARCHULETA resided in Sacramento, California, Abiquiu and Espanola, New Mexico, and Salt Lake City, Utah.

MR. ARCHULETA did not graduate from high school.  MR. ARCHULETA has a work or employment history as a sales and furniture manager in recent years.  Of keen significance is MR. ARCHULETA's employment at Santa Fe Discount Tile & Carpet as attested to by Ms. Jan Lindsay's

4

January 25, 2015 letter to the Court about MR. ARCHULETA's work and personal attributes.

MR. ARCHULETA basically had no relationship with his birth father, and his stepfather was not a particularly strong male role model.  MR. ARHCULETA also did not appear to have much of a relationship with his mother, being sent to live with his grandparents at age 8-9.  Being without a father or mother appears to have been extremely significant for MR. ARCHULETA.  Searching some love and affection, MR. ARCHULETA moved in with his girlfriend, and moved out and quit high school, moved to Utah, committed serious felony crimes and went to prison.  After much turmoil in his personal life from the early years of his life, MR. ARCHULETA appears to have found stability and happiness with Ms. Vigil and their son.

MR. ARCHULETA has been released from custody pending trial and sentencing, and "has remained compliant with all conditions of his release". (PSR at 1, at 3, ¶7)

The second 3553(a) factor is the "need for the sentence imposed", and there are four conjunctive sub-factors.

Regarding the "need ... to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense[s]", a number of considerations are present.  MR. ARCHULETA has pleaded guilty to conspiracy to commit mail fraud and four counts of mail fraud.  The statutory sentencing

range for the crimes to which MR. ARCULETA pleaded guilty is 0-20 years. (PSR at 31, ¶117; Doc.97 at 2)

The United States agreed MR. ARCHULETA's involvement in the conspiracy "was far less" than Mr. Gonzales' involvement, and "Clearly, Defendant Gonzales' sentence should be substantially greater to accurately reflect his criminality." (Doc.64 at 2)  MR. ARCHULETA has been exemplary while released from custody pending trial and sentencing.  MR. ARCHULETA has respect for the law.  MR. ARCHULETA understands he must receive his just punishment for the offenses to which he pleaded guilty.  Just punishment for MR. ARCHULETA is a sentence of 57 months, which is the low end of the range the parties agreed under Fed. R. Crim. P. 11(c)(1)(C). (Doc.97 at 9)

Regarding the "need ... to afford adequate deterrence to criminal conduct", again a balancing of facts exists.  The United States agreed MR. ARCHULETA's involvement in the conspiracy "was far less" than Mr. Gonzales' involvement, and "Clearly, Defendant Gonzales' sentence should be substantially greater to accurately reflect his criminality." (Doc.64 at 2)  MR. ARCHULETA has been exemplary while released from custody pending trial and sentencing, including but not limited to his employment at Santa Fe Discount Tile & Carpet.  MR. ARCHULETA understands he will be sentenced to a term of imprisonment of 57-71 months, which will adequately deter him.

Regarding the "need ... to protect the public from further crimes of the defendant", the United States agreed MR. ARCHULETA's involvement in the conspiracy "was far less" than Mr. Gonzales' involvement, and "Clearly, Defendant Gonzales' sentence should be substantially greater to accurately reflect his criminality." (Doc.64 at 2)  While there is need to protect the public from further crimes of MR. ARCHULETA, he has also been exemplary while released from custody pending trial and sentencing, and he will also serve at least 57 months in prison, a large amount of time.  A sentence of 57 months meets the "need ... to protect the public from further crimes of the defendant".

Regarding the "need ... to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner", MR. ARCHULETA intends to seek educational and vocational training to improve his employability once released from prison.

The third 3553(a) factor is "the kinds of sentences available". MR. ARCHULETA is eligible for probation under the charge and statutes but not under the Fed. R. Crim. P. 11(c)(1)(C) plea to 57-71 months in prison and $719,858.73 in restitution. (Doc.97 at 9,10)  The statutory range for MR. ARCHULETA is 0-20 years. (PSR at 31, ¶117; Doc.97 at 2)  The Fourth Amendment to the PSR assessed a criminal history category of III, offense level of 28, and a sentencing range

7

of 97-121 months, which becomes 57-71 months under the plea. (PSR at 31, ¶118; Doc.97 at 9)   MR. ARCHULETA faces a term of supervised release of not more than 3 years. (PSR at 31, ¶121)   The United States agreed MR. ARCHULETA's involvement in the conspiracy "was far less" than Mr. Gonzales' involvement, and "Clearly, Defendant Gonzales' sentence should be substantially greater to accurately reflect his criminality." (Doc.64 at 2)

The fourth 3553(a) factor is "the kinds of sentence and the sentencing range established for (A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines (i) issued by the Sentencing Commission ...' and (ii) that, except as provided in section 3742(g), are in effect on the date the defendant is sentenced."   The Fourth Amendment to the PSR assessed a criminal history category of III, a total offense level of 28, and a sentencing range of 97-121 months, which becomes 57-71 months under the Amended Plea Agreement.

The fifth 3553(a) factor is "any pertinent policy statement (A) issued by the Sentencing Commission ...; (B) that, except as provided in section 3742(g), is in effect on the date the defendant is sentenced."   None appear relevant.

The sixth 3553(a) factor is "the need to avoid unwarranted sentence disparity among defendants with similar records who have been found guilty of similar conduct."   The United States agreed MR.

ARCHULETA's involvement in the conspiracy "was far less" than Mr. Gonzales' involvement, and "Clearly, Defendant Gonzales' sentence should be substantially greater to accurately reflect his criminality." (Doc.64 at 2)  A sentence for MR. ARCHULETA of 57 months, while Mr. Gonzales received a sentence of 87 months on the same mutual five counts, is not disparate.  The United States agreed MR. ARCHULETA's involvement in the conspiracy "was far less" than Mr. Gonzales' involvement, and "Clearly, Defendant Gonzales' sentence should be substantially greater to accurately reflect his criminality." (Doc.64 at 2)  MR. ARCHULETA faces a statutory sentencing range of 0-20 years and a binding sentence of 57-71 months in prison under the plea agreement.  MR. ARCHULETA has a USSG criminal history category of III, while Mr. Gonzales was in category II.  MR. ARCHULETA has been exemplary while released from custody pending trial and sentencing.  A sentence of 57 months will not be disparate.

The seventh 3553(a) factor is "the need to provide restitution to any victims of the offense."  There is restitution involved in this case and the amount of restitution for MR. ARCHULETA was agreed to by the parties under Fed. R. Crim. P. 11(c)(1)(C) in the amount of $719,858.73. (Doc.97 at 10)

## CONCLUSION

The factors and aspects in the USSG and 18 U.S.C. § 3553 support

sentencing MR. ARCHULETA to a sentence of no more than 57 months in prison, which is the low end of the range the United States agreed to.  57 months is a sufficient and not greater than necessary sentence for him under the plea agreement.  After considering the 7 factors under 18 U.S.C. § 3553(a), a sentence of 57 months in prison, a term of supervised release of 3 years, a $500 special penalty assessment, $719,858.73 of restitution jointly and severally liable with codefendant Jasonn Gonzales, and no fine is a sufficient sentence, but not greater than necessary as it promotes respect for the law and provides just punishment, affords adequate deterrence to criminal conduct and protects the public from further crimes of the defendant, and reasonable under the circumstances of this case. MR. ARCHULETA also requests being able to voluntarily surrender at the designated Bureau of Prisons facility.  MR. ARCHULETA requests this Court recommend to the Bureau of Prisons that he serve his time at FCI Englewood in Littleton, Colorado because it is proximate for his family and friends to visit from northern New Mexico.

Respectfully submitted,

/s/ *Todd B. Hotchkiss*
TODD B. HOTCHKISS
ATTORNEY AT LAW, LLC
Attorney for GERALD ARCHULETA
610 Gold Avenue S.W., Suite 228
Albuquerque, New Mexico  87102
Tele. (505) 243-6776
E-mail: Todd@toddhotchkisslaw.com

## CERTIFICATE OF SERVICE

    I, Todd B. Hotchkiss, hereby certify that on March 1, 2016 I electronically filed the foregoing document through the CM/ECF system and that through that system opposing counsel Tara Neda, Assistant United States Attorney, will be served with a true and accurate copy.

                        /s/ *Todd B. Hotchkiss*
                        TODD B. HOTCHKISS